No._____

81,859-04

IN THE COURT OF

CRIMINAL APPEALS

IN RE WILLIAM CHARLES WEBB

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 10 2015

Abel Acosta, Clerk

MOTION FOR LEAVE OF COURT TO FILE A WRIT OF MANDAMUS PRO SE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, William Charles Webb, who files this his MOTION FOR LEAVE OF COURT TO FILE A WRIT OF MANDAMUS, and would show the court the following:

(1)  Mr.Webb is seeking to file a writ of Mandamus in this court.

(2)  It is only proper to file a motion for leave in order to file anything in this court.

WHEREFORE, based on the above Mr.Webb request that this court grant his motion and allow him to file a writ of Mandamus in this Honorable Court.

Respectfully Submitted,

William C. Webb#1888883
Hughes Unit
Rt.2 Box 4400
Gatesville,Texas.76597
U.S.A

Executed on this the 7TH day of December,2015

x William C. Webb

Cause No.2012-675-C2E

William Charles Webb                                    IN THE 54TH JUDICIAL

TDCJ-ID#1888883,
        RELATOR                                          DISTRICT COURT OF

v.

JON R. GIMBLE (COUNTY DISTRICT CLERK):

IN HIS OFFICIAL CAPACITY,
        RESPONDENT                                       McLENNAN COUNTY,TX


A.      PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, William Charles Webb, Relator, pro se in the above-
styled and numbered cause of action and files this Original
Application For Writ of Mandamus, pursuant to Art.11.07 Sec.3(c)
of the Texas Code of Criminal Procedure, and would show the
Court the following:

1.

B.    RELATOR

1.01 William Charles Webb, TDCJ#1888883 is an offender
     incarcerated in the Texas Department of Criminal Justice
     and is appearing pro se, who can be located at the Hughes
     Unit (Rt.2 Box 4400) Gatesville,Texas.76597.

1.02 Relator has exhausted his remedies and has no other ade
     adequate remedy at law.

1.03 The act sought to be compelled is ministerial, not
     discretionary in nature. TCCP Art.11.07 Sec.3(c) requires
     Respondent to immediately transmit to the Court of Criminal
     Appeals a copy of the application for writ of habeas corpus,
     any answers filed, and a certificate reciting the date upon
     which that finding was made, if the convicting court
     decides that there are no issues to be resolved. No copy of

1

the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by Respondent as required by statute, Relator would have received notice from the Court of Criminal Appeals.

2.

C.    RESPONDENT

2.01 Respondent, Jon R. Gimble, in his capacity as District Clerk of McLennan County, Texas has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to TCCP Art.2.21, and is responsible under TCCP 11.07 Sec.3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved. Jon R. Gimble, District Clerk, of McLennan County may be served at his place of business at P.O.Box 2451  Waco,TX.76703.

3.

D.    VIOLATION OF ART.11.07 OF THE TEXAS CODE OF CRIMINAL PROC.

3.01 The Respondent violated Art.11.07 Sec.3(c) of the Texas Code of Criminal Procedur by failing to provide a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be

2

transmitted.

3.02 Requests for the transmittal of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made were made by Relator to Jon R. Gimble, District Clerk, of McLennan County, by mailed letters dated November 18,2015; November 30,2015; pursuant to Art.11.07 Sec.3(c) of the Code of Criminal Procedure. True and accurate copies of the above letters are attached hereto as Exhibit "A" through "B" and are incorporated by reference herein for all purposes.

3.03 To date, Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

3.04 As is clear from Relator's letters, Relator has repeatedly put Respondent on notice that Relator seeks the transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals and that such records are required by the Court of Criminal Appeals to act on Relator's writ of habeas corpus. Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Art. 11.07 Sec.3(c), is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written responses to his correspondence and requests.

3

3.05 Art.11.07 Sec.3(c) clearly states that "[i]f the convicting court decides that there are no such issues, the clerk shall immediately transmit [emphasis added] to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act with the allowed 20 days shall constitute such a finding". Texas Code of Criminal Procedure Art.11.07 Sec.3(c). Respondent is in violation of this procedure, ministerial duties, and thus the laws of this state.

4.

E. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Relator, William Charles Webb, pro se, respectfully requests a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an Order directing Respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Art.11.07 Sec.3(c) of the Texas Code of Criminal Procedure and as requested in Relator's letters (Exhibit "A" through "B").

Respectfully Submitted,

By:William Charles Webb
RELATOR

4

F. **UNSWORN DECLARATION OF INDEPENDENCE**

I swear under the United States Constitution that the foregoing APPLICATION FOR WRIT OF MANDAMUS is true and correct, that the facts and allegations are true and correct.

William Charles Webb
RELATOR

Executed on this the 7TH day of December, 2015.

x _William Charles Webb_

G. **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above APPLICATION FOR WRIT OF MANDAMUS was served on the Clerk of the Court of the Court of Criminal Appeals by U.S. postal mail on this the 7TH day of December, 2015.

William Charles Webb
RELATOR

x _William Charles Webb_

5

Cause No.2012-675-C2E

William Charles Webb                    IN THE 54TH JUDICIAL
TDCJ-ID#1888883,
          RELATOR                       DISTRICT COURT OF

v.

Jon R. Gimble (County District Clerk):
IN HIS OFFICIAL CAPACITY,
          RESPONDENT                    McLENNAN COUNTY, TX


ORDER

On this day, came on to be heard the foregoing Relator's Application for Writ of Mandamus and it appears to the Court that the same should be:


_____GRANTED


IT IS THEREFORE ORDERED THAT the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that transmittal was made.

SIGNED on this the_____day of_____,2015.


x_____
  PRESIDING JUDGE

Exhibit A

WILLIAM C. WEBB
HUGHES UNIT
RT.2 BOX 4400
GATESVILLE,TEXAS.76597

November 18,2015

JON R. GIMBLE
DISTRICT CLERK
P.O.BOX 2451
WACO,TEXAS.76703

RE: Ex Parte William Charles Webb (No.2012-675-C2E)

Dear,Clerk

This letter is being written in regards to the above entitled and numbered cause. The State has made an answer to my application and the Court as of yet has not designated any issues to be resolved. Please note that the State made its answer on the 19th of October 2015. Today's date is November 18,2015. My information is as follows. I ask that you forward my Writ of Habeas Corpus to the Court of Criminal Appeals in Austin,Texas please? Thank you for your time in advance to this matter.

Best Regards:

William C. Webb#1888883
Hughes Unit
Rt.2 Box 4400
Gatesville,Texas.76597
U.S.A

William C. Webb

EXHIBIT B

WILLIAM C. WEBB
HUGHES UNIT
RT.2 BOX 4400
GATESVILLE,TX.76597

JON R. GIMBLE
DISTRICT CLERK
P.O.BOX 2451
WACO,TX.76703

November 30,2015

RE: EX PARTE WILLIAM CHARLES WEBB
(No.2012-675-C2E)

Dear,Clerk

This letter is being written to you in regards to the above entitled and numbered cause. This is my second letter to you regarding this issue. I ask that you forward my writ of habeas corpus to the Court of Criminal Appeals please? My information is as follows. Thank you for your time in advance to this matter.

Best Regards:

x _Will C will_

No. 2012-675-C2E

FILED

2015 OCT 19 AM 8: 33

JON R. GIMBLE
DISTRICT CLERK
MCLENNAN CO. TX.

_____DEPUTY

# IN THE 54TH JUDICIAL DISTRICT COURT
# OF MCLENNAN COUNTY, TEXAS

---

# EX PARTE WILLIAM CHARLES WEBB

---

## STATE'S ANSWER TO AN APPLICATION
## FOR WRIT OF HABEAS CORPUS

---

Pursuant to Article 11.07 of the Code of Criminal Procedure, the State of Texas, by and through the Criminal District Attorney for McLennan County, Abelino 'Abel' Reyna, files this answer to the Application for Writ of Habeas Corpus filed by WILLIAM CHARLES WEBB, hereinafter called "Applicant." This is a case other than a case in which the death penalty was assessed.

Applicant alleges five grounds for relief in his application. The application is the first post-conviction writ he has filed.

## CONCERNING THE NEED FOR AN EVIDENTIARY HEARING

There are no controverted, previously unresolved facts material to the legality of Applicant's confinement which would necessitate a hearing. No evidentiary hearing is needed or warranted under this Application, because any information could be obtained by affidavit or otherwise.

## ALLEGATIONS IN THE APPLICATION

Applicant contends that:

1) He was denied a fair trial due to the State's introduction of inadmissible extraneous offense evidence (Ground One);

2) The cumulative effect of his trial counsel's errors deprived him of the effective assistance of counsel (Ground Two);

1



3) His right to a speedy trial was violated (Ground Three);

4) His right to remain silent was violated (Ground Four); and

5) Ineffective assistance of his appellate counsel (Ground Five).

## GENERAL DENIAL

Pursuant to Article 11.07, all matters alleged in the application not specifically admitted by the State in this answer are denied.

## ANSWER OF THE STATE

In his first ground for relief, Applicant complains of the introduction of extraneous bad acts at trial. This issue was presented and rejected on direct appeal.

In his second ground for relief, Applicant alleges ineffective assistance by his trial counsel. He complains variously that he could not communicate with his counsel due to a "conflict of interest," that this situation contributed to his counsel's failure to investigate and prepare a defense, and prevented Applicant from participating in and making informed decisions about his case. Applicant claims that his trial counsel was ineffective in failing to request a "limiting instruction" and in failing to obtain an expert witness who could have supported a lesser-included offense of Attempted Arson. Applicant claims that his trial counsel failed to object to "highly inflammatory" jury argument by the State, and failed to seek a change of venue. Finally, Applicant complains that his counsel did not call his parents to testify to an alibi defense.

Applicant's claims of ineffective assistance are conclusory and unsupported by factual allegations. Many of his claims are directly refuted by the record. Applicant asserts that he has made complaint to the State Bar regarding his counsel, which have been denied. The issue of a "limiting instruction" is nebulous and unsupported by the record. Other than providing contact information for fire experts, Applicant gives no factual or legal basis to show how expert testimony would have benefitted his case, particularly in seeking a lesser included offense. The appellate court, in denying relief on this point, noted that the Arson statute contemplated the completion of the offense

2

even in the absence of continuation after the initial ignition. Applicant has not demonstrated that the State's argument was objectionable, and supports his venue complaint only with conclusory, after-the-fact affidavits from his family members. Applicant's complaint regarding failure to call alibi witnesses does not take into account that such a defense would have been controverted by the eyewitness testimony that put Applicant at the crime scene, and was inconsistent with his lack-of-intent defense presented at trial.

In his third ground, Applicant complains of a speedy trial violation. Applicant asserts no factual basis for this claim. However, the record is replete with Applicant's own dilatory tactics which caused delay in the trial of his case, including numerous complaints regarding a succession of trial counsel, numerous inane pro se motions, and a number of interlocutory appeals of denied motions.

Applicant's fourth ground complains of an improper reference to his invocation of the right to remain silent. This issue was fully addressed on direct appeal.

In his fifth ground for relief, Applicant complains of ineffective assistance by his trial counsel. This is primarily based on the failure of appellate counsel to raise an issue of admissibility under Tex. R. Evid. 403. However, the appellate ground under Rule 404(b) was presented, and the record demonstrates that presentation of Applicant's prior bad acts, when determined to be probative and admissible, was not overly-prejudicial, and raising a Rule 403 issue on appeal would have been forlorn. Further, Applicant's complaint that ineffective assistance of counsel was not raised on direct appeal is also without merit. Ineffective assistance can rarely be discerned from a cold record and is typically more suited to a habeas action. And as demonstrated above, Applicant has failed to reach the high threshold required to show ineffective assistance of his trial counsel in his application.

3

## CONCLUSION AND PRAYER

The State recommends to the Trial Court that this writ be dismissed as frivolous, as there are no legal or factual grounds to support Applicant's claims.

Respectfully Submitted:

**Abelino 'Abel' Reyna**
Criminal District Attorney
McLennan County, Texas
219 North 6th Street, Suite 200
Waco, Texas 76701
Phone (254) 757-5084
Fax   (254) 757-5021

_____
Sterling Harmon
Chief, Appellate Division
State Bar # 09019700

4